FILED
November 09, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-01783

**De Los Santos,**
*Plaintiff,*
v.
**Shoffner, et al.,**
*Defendants.*

## ORDER

After reviewing all relevant matters of record in this case, including the report and recommendation of the United States Magistrate Judge (ECF No. 115), Plaintiff's objections (ECF No. 119), Defendant Shoffner's response to Plaintiff's objections (ECF No. 120), Plaintiff's reply to Defendant Shoffner's response to his objections (ECF No. 122), Defendant Sherwood's response in support of the report and recommendation (ECF No. 123), and Plaintiff's reply to Defendant Sherwood's response in support of the report and recommendation (ECF No. 124), the undersigned district judge is of the opinion that the analysis and recommendation of the Magistrate Judge are correct. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Still, a few words are warranted to explain why Plaintiff's objections fail. First, the Court lacks personal jurisdiction over Defendant Shoffner even absent a requirement of fraud or improper conduct because Plaintiff did not plausibly allege that Shoffner dominated and controlled Mattress By Appointment, LLC to such an extent that its independent existence was nonexistent. *See Abdo v. Abdo*, 263 So. 3d 141, 149–51 (Fla.

Dist. Ct. App. 2018); *see also BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 799 (Tex. 2002).

Second, to the extent Plaintiff pleaded claims for attempt to monopolize under section 2 of the Sherman Act, such claims also fail. "An attempted monopolization claim has three elements: (1) the defendant engaged in predatory or exclusionary conduct, (2) the defendant had a specific intent to monopolize, and (3) there was a dangerous probability that the defendant would successfully attain monopoly power." *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 474 (5th Cir. 2000) (citing *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993)). Because Plaintiff did not plead facts plausibly showing each of these three elements, any such claim fails.

Finally, permitting amendment would be futile because Plaintiff's proposed amendments would not rectify the deficiencies. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (permitting denial of a motion to amend if it would be futile).

The Court accordingly adopts the analysis and recommendation of the United States Magistrate Judge and dismisses the federal law claims with prejudice, and the state law claims without prejudice.[1] The undersigned once again WARNS De Los Santos that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims and otherwise abuse his access to the judicial system.

---

[1] The Court notes that Plaintiff's prior cases, No. 1:25-cv-855 and No. 1:25-cv-1742, were not denied as frivolous under section 1915. However, that fact does not form the basis for the report and recommendation, nor alter the outcome of the case or the warning to Plaintiff against frivolous filings.

## Conclusion

1. Plaintiff's motion for leave to file a reply to Defendant Shoffner's response to Plaintiff's objections (ECF No. 122) is granted. The Clerk's office is directed to docket Plaintiff's reply (ECF No. 122 at pp. 7–16).
2. Plaintiff's motion for leave to file a reply to Defendant Sherwood's response to Plaintiff's objections (ECF No. 124) is granted. The Clerk's office is directed to docket Plaintiff's reply (ECF No. 124 pp. 4–12).
3. Defendants' motions to dismiss, ECF Nos. 23, 25, 30, 69, are granted. Plaintiff's federal law claims are dismissed with prejudice. Plaintiff's state law claims are dismissed without prejudice.

*So ordered by the Court on November 9, 2026.*

ANDREW DAVIS
United States District Judge